IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| STEVE RIDDICK,             )<br>    Plaintiff,              )<br>                              )<br>v.                           )<br>                              )<br>LT. DOUGLAS BARTON, *et al.*,  )<br>    Defendants.           ) | Civil Action No. 7:22cv00297<br><br>By: Elizabeth K. Dillon<br>    United States District Judge |

**MEMORANDUM OPINION**

Plaintiff Steve Riddick, a Virginia prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. Riddick has not paid the filing fee, but he has filed documents in support of an application to proceed *in forma pauperis*. (Dkt. No. 6.) The court referred the case, along with a number of other open cases filed by Riddick, to mediation with a U.S. Magistrate Judge. (Dkt. No. 5.) It also stayed the case pending the conclusion of the mediation. (*Id.*)

Based on court records, though, it is clear that at least three of Riddick's previous actions or appeals have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[1] Put differently, he has at least three prior "strikes" under 28 U.S.C. § 1915(g). Because of this, even if he could prove his indigence, Riddick may not proceed with this case unless he either prepays the entire filing fee—which he has not done—or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). His complaint, however, fails to allege any imminent danger of serious physical injury. For this reason, discussed in more

---

[1] The following six cases all were dismissed, pursuant to 42 U.S.C. § 1997e(c)(1), for failure to state a claim: *Riddick v. McCowan*, No. 7:21cv00138 (W.D. Va. Aug. 6, 2021); *Riddick v. Stanley*, No. 7:21cv00177 (W.D. Va. Aug. 6, 2021); *Riddick v. Gilbert*, No. 7:20cv00598 (W.D. Va. Aug. 2, 2021); *Riddick v. Kiser*, No. 7:20cv00580 (W.D. Va. July 30, 2021); *Riddick v. Kiser*, No. 7:20cv00561 (W.D Va. Jan. 29, 2021); *Riddick v. Bunch*, No. 7:20cv00597 (W.D. Va. Jan. 29, 2021).

detail herein, the court will lift the stay in the case, withdraw the reference of this case to mediation, and dismiss the complaint in its entirety.

Riddick's complaint alleges claims against eight defendants. In general terms, his claims arise from incidents that occurred in December 2021 or shortly thereafter. Specifically, he claims that on December 10, 2021, defendant Collins ordered a cell search of Riddick's cell without reason. Collins also directed other officers to use "O/C spray"[2] on him, despite the fact that Riddick suffers from asthma and Collins did not have medical clearance to use the spray. Then, Riddick was not promptly decontaminated and instead was put on a "modified strip" status for four hours. He alleges that Collins subsequently brought false disciplinary charges against him. He also complains of due process violations during the course of both the disciplinary proceedings and a later institutional classification authority hearing, after which he was placed on "general detention." Based on these incidents, he asserts Eighth Amendment excessive force claims, First Amendment retaliation claims, claims that his Fourteenth Amendment due process rights were violated, and state-law tort claims, such as assault and battery. (*See generally* Compl., Dkt. No. 1.)

Notably, Riddick's complaint does not contain any allegations to support a conclusion that he is in imminent danger of serious physical injury. For the "imminent danger" exception of § 1915(g) to apply, "an inmate must make 'specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). "[T]he imminent danger 'must exist at the time the complaint . . . is filed, not when the alleged wrongdoing occurred.'" *Meyers v. Clarke*, 767 F. App'x 437, 439 (4th Cir. 2019) (quoting *Martin*, 319 F.3d at 1050). "Congress intended that a

---

[2] Riddick's reference to O/C spray likely means oleoresin capsicum spray, a chemical agent similar to what is commonly known as pepper spray or mace, and it can irritate a person's eyes, throat, and nose. *See, e.g.*, *Park v. Shiflett*, 250 F.3d 843, 849 (4th Cir. 2001).

three-strikes prisoner have opportunity to ask the court for its aid in addressing a danger that is close at hand, not a past infraction." *Meyers v. Comm'r of Soc. Sec. Admin.*, 801 F. App'x 90, 96 (4th Cir. 2020); *see also Johnson*, 200 F. App'x at 272 (explaining that the imminent danger exception focuses on the possibility of "continuing or future injury, not whether the inmate deserves a remedy for past misconduct").

Here, Riddick's claims arise from an incident that occurred approximately six months before he filed his lawsuit. He does not allege that he is currently in any danger of serious physical injury or that any future danger related to the claims in his lawsuit is imminently likely.

As Riddick has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury," the court will dismiss his complaint without prejudice pursuant to 28 U.S.C. § 1915(g). An appropriate order will be entered.

Entered: August 9, 2022.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge